NUMBER 04-1034

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERNITA THOMAS

VERSUS

ALLIANCE COMPRESSORS

AMY, J., concurring in part, dissenting in part.

I concur in that portion of the majority opinion affirming the workers' compensation judge's determination to exclude from evidence the ergonomics report prepared by the employer's witness. However, I respectfully dissent from the remainder of the majority opinion. In my opinion, the evidence as to causation presented by the plaintiff is insufficient to meet La.R.S. 23:1031.1(B)'s requirement that the disease/illness allegedly compensable as an occupational disease is "due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease." Due to the record's lack of evidentiary proof in this regard, I would reverse the trial court's finding of an occupational disease.

NUMBER 04-1034

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERNITA THOMAS

VERSUS

ALLIANCE COMPRESSORS

AMY, J., concurring in part, dissenting in part.

I concur in that portion of the majority opinion affirming the workers' compensation judge's determination to exclude from evidence the ergonomics report prepared by the employer's witness. However, I respectfully dissent from the remainder of the majority opinion. In my opinion, the evidence as to causation presented by the plaintiff is insufficient to meet La.R.S. 23:1031.1(B)'s requirement that the disease/illness allegedly compensable as an occupational disease is "due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease." Due to the record's lack of evidentiary proof in this regard, I would reverse the trial court's finding of an occupational disease.